IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUA KEITH HURT                                                                                     PLAINTIFF

V.                                        NO. 3:24-cv-60-DPM-ERE

BRAD SNYDER and
ASHTEN JACKSON                                                                                   DEFENDANTS

**ORDER**

### I.   Background:

On April 8, 2024, *pro se* plaintiff Joshua Keith Hurt, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hurt's complaint alleges that: (1) Sheriff Brad Snyder "is knowingly and actively aiding the CIA in the torture of an innocent American civilian and they are withholding my legal mail" (*Doc. 2 at 4*); and (2) C.I.D. Ashten Jackson "said I can't report a serious crime of bodily injury in here until I get out." *Id*. He sues Defendants Snyder and Jackson in both their individual and official capacity seeking monetary damages.

As explained below, in its current form, Mr. Hurt's complaint fails to state a plausible constitutional claim that would survive screening. Accordingly, the Court will postpone the screening process[1] to give Mr. Hurt the opportunity to file an

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal

amended complaint clarifying his constitutional claims and correcting the deficiencies in his current complaint.

## II. Deficiencies in Complaint:

### A. Deliberate Indifference Claim

Mr. Hurt's vague and conclusory allegations make it difficult to determine exactly what type of claim he seeks to assert. It appears he is attempting to assert a deliberate indifference claim. To state a plausible deliberate indifference claim, Mr. Hurt must allege facts which, accepted as true, are sufficient to support a reasonable inference that objectively, he faced a substantial risk of serious harm; and subjectively, the defendant knew of and disregarded this substantial risk of serious harm. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). "The second requirement is a subjective test; the defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference.'" *Schoelch v. Mitchell*, 625 F.3d 1041,

---

courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Mr. Hurt's complaint fails to include any specific supporting factual allegations and also fails to state a plausible constitutional claim for relief against either Defendant. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face").

B.  **Legal Mail Claim**

Mr. Hurt's complaint alleges that Defendant Snyder interfered with his "legal mail." However, Mr. Hurt fails to include any facts to support this claim, nor does he explain whether the legal mail in question came from his attorney. A prisoner's privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Mr. Hurt's complaint fails to state a plausible constitutional claim for relief against Defendant Snyder for interference with legal mail.

C.  **Official Capacity Claims**

Mr. Hurt sues Defendants Snyder and Jackson in both their individual and official capacity. *Doc. 2 at 2*. Mr. Hurt's official capacity claims against Defendants are treated as claims against Greene County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In a § 1983 action, a county cannot be held vicariously liable for the actions

of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Hurt's complaint fails to allege that he suffered any constitutional injury as the result of a Greene County custom or policy. As a result, Mr. Hurt has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

**III.    Guidelines for Filing Amended Complaint:**

Mr. Hurt has thirty days to file an amended complaint. If Mr. Hurt files an amended complaint, he should: (1) specifically state what type of constitutional claims he asserts against each type of Defendant; (2) include facts to support those claims; and (3) explain what injury he suffered as a result of each Defendants' unconstitutional conduct.

Mr. Hurt's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Hurt should make sure that his amended

complaint, if filed, includes all allegations relevant to any claim(s) he wants to pursue in this lawsuit.

Finally, in his amended complaint, Mr. Hurt need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

**4.     Conclusion:**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1.     Mr. Hurt may file an amended complaint within thirty (30) days of the entry of this Order.

2.     If Mr. Hurt fails to file an amended complaint, the Court will screen the original complaint, which may result in the dismissal of this case.

3.     The Clerk is instructed to provide Mr. Hurt a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 9 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE