IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUA KEITH HURT                                                         PLAINTIFF

V.                          NO. 3:24-cv-60-DPM-ERE

BRAD SNYDER and
ASHTEN JACKSON                                                           DEFENDANTS

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

II.  **Background:**

On April 8, 2024, *pro se* plaintiff Joshua Keith Hurt, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. In his original complaint, Mr. Hurt sued Greene County Sheriff Brad Snyder and CID Officer Ashten Jackson in both their individual and

official capacities, alleging that: (1) Defendant Snyder "is knowingly and actively aiding the CIA in the torture of an innocent American civilian" and withholding his legal mail(*Doc. 2 at 4*); and (2) Defendant Jackson said Mr. Hurt could not "report a serious crime of bodily injury" until he is released from the Detention Center. *Id*.

On January 23, 2024, the Court entered an Order explaining to Mr. Hurt the problems with his complaint and giving him the opportunity to amend. *Doc. 4*.

On April 24, 2024, Mr. Hurt filed an amended complaint, this time suing Defendants in their official capacities only and repeating his initial allegations. *Doc. 5*.

For the reasons explained below, Mr. Hurt's claims should be dismissed based on his failure to state a plausible constitutional claim for relief.

**III.   Discussion:**

    **A.   Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the

factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v.*

### B. Legal Mail Claim

In his amended complaint, Mr. Hurt alleges that unidentified officials interfered with his "legal mail" from this Court. As explained in the April 9 order, a prisoner's privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Once again, however, Mr. Hurt has failed to allege facts to support a plausible claim that a named defendant has interfered with his legal mail in violation of his constitutional rights.

### C. Criminal Activity

Mr. Hurt alleges that he is being injured by the "CIA's biomedical 30 printers" and that Defendant Jackson "said" that he would have to wait until he is released to report "this crime."

As stated in the April 9 order, it appears that Mr. Hurt is attempting to assert a deliberate indifference claim, which requires facts showing that the defendant knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Here, there are no factual allegations indicating

that either Defendant was aware that Mr. Hurt is being injured by "CIA biomedical 30 printers" or that either Defendant is preventing Mr. Hurt from reporting an alleged crime. In sum, Mr. Hurt's incredible allegations regarding a crime involving "CIA biomedical 30 printers" fail to present a plausible constitutional claim.

### D. Official Capacity Claims

Mr. Hurt sues Defendants in their official capacities only. *Doc. 5 at 2*. As explained in the April 9 order, Mr. Hurt's official capacity claims against Defendants are treated as claims against Greene County, which cannot be held vicariously liable under § 1983 for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978). Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. *Id.* at 694-695.

Mr. Hurt fails to allege that he suffered any constitutional injury as the result of a Greene County custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Hurt's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

    3.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

    4.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

    Dated 26 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE